HILTON *v.* HILTON.

1. DIVORCE—NONSUPPORT—EXTREME CRUELTY.
    In 52-year old wife's suit for separate maintenance and support wherein 82-year old husband filed cross-bill for absolute divorce because of extreme cruelty, dismissal of both bill and cross-bill *held,* proper where both parties are to blame and charges of neither since previous condonation were so serious as to warrant granting a divorce or separation.

2. Costs—Divorce.

> No costs are allowed either party in suit for divorce where both
> parties appeal but neither party prevails.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 13, 1937. (Docket No. 57, Calendar No. 39,412.) Decided May 21, 1937.

Bill by Rosetta A. Hilton against William W. Hilton for separate maintenance. Cross-bill by defendant for an absolute divorce. Bill and cross-bill dismissed. Defendant appeals. Affirmed.

*George H. Cross (Robert A. Carr,* of counsel), for plaintiff.

*Irving H. Smith,* for defendant.

BUTZEL, J. Plaintiff, alleging nonsupport, filed a bill for separate maintenance and support against defendant, who in turn filed a cross-bill for absolute divorce from plaintiff on the ground of cruelty. The parties were married January 14, 1913, each of them having been previously married and divorced. They had no issue from the present marriage. Defendant had children by a former marriage. At the time of the hearing, plaintiff, the wife, was 52 years of age and defendant 82.

Plaintiff had no property of her own at the time of the marriage, but defendant owned several parcels of realty in Kent, Muskegon and Newaygo counties. Defendant deeded 80 acres in Alpine township, Kent county, to his son who agreed to pay defendant $300 a year as long as defendant lived. Sixty acres in Newaygo county were conveyed to defendant's grandson, plaintiff having joined in both of the above deeds. The parties hereto still

own resort property on Wolf lake, near Muskegon. At the time it was acquired by defendant through tax title, it was improved with a small three-room cottage with no foundation and also a four-room cottage, similarly constructed. Considerable improvements have since been made on the property and at the time of the hearing there were nine renting cottages, besides one occupied by the parties as their home, also a combination store and bath-house, a garage, barn and ice-house. The property requires considerable repair and lacks modern conveniences. In 1921, defendant had the title to the property fronting on Wolf Lake transferred to the joint names of himself and his wife as tenants by the entirety. Defendant also acquired property at Green Lake and the parties erected thereon a pavilion, poolroom, bath-house and cottages for resort purposes. The main income came from these resort properties, although defendant is also a breeder of hunting dogs and enjoys a small income from bank stock he owns.

For many years prior to 1934, the parties went south each winter. During the latter years, there has been much wrangling between them, neither of them being in good health. Defendant has high blood pressure, a bad heart condition and is suffering from physical debility accompanying old age. Plaintiff has had two operations and is none too well herself.

Two years prior to the present suit defendant filed a suit for absolute divorce against plaintiff, but before it came to trial, it was discontinued and the parties lived together again. Many of the charges made in the present case arose prior to the condonation. Plaintiff charged defendant with penuriousness and also an absolute failure to prop-

erly support her with the barest necessities. As owner of some property in the city of Muskegon inherited from her mother she receives $38 a month, but she has neglected to pay taxes until there is an accumulation of over $2,000 in back taxes. Defendant in his cross-bill claims plaintiff repeatedly swore at him, struck him and also left him stranded down south when, after a quarrel, she took all the money that she could get hold of, seized the automobile, and drove back to Michigan. She claims that defendant secreted money at all times and refused to furnish her with either food or support. It is admitted that plaintiff worked hard in maintaining the resort property, both in looking after the stores and in cleaning up the places. She also did the washing, cooking and cleaning for the house they lived in.

Neither party is free from blame and while it might be better for the parties to make proper division for the support of each of them during the balance of their lifetimes and a property division in the event of death, nevertheless it is not the type of case in which the court should interfere when both parties are to blame. The trial judge who heard the case did not believe the charges of either of the parties so serious as to warrant granting a divorce or separation. He dismissed both bills. We believe he reached the correct result.

The decree is affirmed, without costs, each party having appealed.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.